IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY BROOKS
and SEAN THOMAS,

        Plaintiffs,

v.

LISA DISERENS,
SANTIAGO CORTEZ, and
ILLINOIS AMERICAN WATER
COMPANY,

        Defendants.

Case No. 3:24-CV-01848-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Defendant Illinois American Water Company ("ILAW") filed a Notice of Removal of this action from the Circuit Court in Madison County, Illinois in August 2024. (Doc. 1). In their state court complaint, Plaintiffs Tracy Brooks and Sean Thomas (collectively "Plaintiffs") sued Defendants Lisa Diserens and Santiago Cortez for breach of contract, common law fraud, and violation of an Illinois consumer fraud statute, all for their misrepresentations while selling Plaintiffs a property with later-discovered defects, including unsafe conditions, flooding, and potential collapse. (Doc. 1-1).[1] Plaintiffs allege that Diserens, a real estate agent, facilitated a sale of a residential property previously owned by Cortez. (Doc. 9-1, ¶¶ 2-3). Plaintiffs claim that Cortez and Diserens made untruthful statements regarding the condition of the property, including damage to the foundation joists and walls

---

[1] The Notice of Removal includes an incomplete state court complaint. (*See* Doc. 1-1). It appears the attached complaint omits the last count—Count VI. But Plaintiffs attached the full complaint to their Motion to Remand. (*See* Doc. 9-1). Thus, the Court reviewed the state court complaint in its entirety.

Page 1 of 13

and regular flooding in the area. (*Id.* at ¶¶ 3-5). Cortez further breached their contract, according to the complaint, by failing to complete post-inspection work and lying about the completion of the work. (*Id.* at ¶¶ 7-9). In addition, the state court complaint contains three claims against ILAW, the owner of the sewer system in Granite City, Illinois, for general negligence, violations of the Clean Water Act (a federal statute), and public nuisance under Illinois law for its failure to maintain the sewer system, to prevent backup of water and other noxious materials onto Plaintiffs' property, and to remove accumulated water that caused flooding.[2] (Docs. 1-1, 9-1).

Now before the Court is Plaintiffs' Motion to Remand to State Court. (Doc. 8). ILAW filed a response in opposition to the motion. (Doc. 13). For the reasons set forth below, the motion to remand is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Within its Notice of Removal, ILAW detailed the vexing and contentious litigation history preceding this action. (Doc. 1). ILAW explained that Plaintiffs originally filed suit years ago, on August 15, 2022. (*Id.*). By the end of 2022, the state court dismissed with prejudice the claims against Cortez under the Illinois Residential Real Property Disclosure Act, due to the one-year statute of limitations for those claims. (*Id.*). Though the state court granted leave to amend, and Plaintiffs attempted to amend their complaint, Plaintiffs ultimately voluntarily dismissed the claims against Cortez in May 2023. (*Id.*). At the same

---

[2] The Court accepts the facts taken from Plaintiffs' state court complaint as true for purposes of their motion to remand. *See Curry v. Boeing Co.*, 542 F. Supp. 3d 804, 808 (N.D. Ill. 2021) ("The court assumes the truth of the operative complaint's allegations at the time of removal, but also may consider facts set forth in the notice of removal."); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Rev. 4th ed. July 2024) ("Whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state-court record at the time the notice of removal was filed.").

time, Diserens was ordered voluntarily dismissed as well. (*Id.*). Through another amended complaint in that action, Plaintiffs asserted only their claims against ILAW with the same claims at issue in this action. (*Id.*). Then, ILAW removed that complaint to this District in November 2023.[3] (*Id.*). Once in federal court, ILAW filed a motion to dismiss all claims, and in response, Plaintiffs voluntarily dismissed the action in January 2024, and the case was closed the following month. (*Id.*).

In May 2024, Plaintiffs resurrected their claims by filing another state court action, setting out essentially the same set of allegations against the same set of defendants. (*Id.*). Upon service of the new state court complaint, ILAW filed a Notice of Removal, without the consent of the two other served defendants, Cortez and Diserens. (*Id.*). ILAW argues such removal is proper because the Court has original jurisdiction over the Clean Water Act claim against it and supplemental jurisdiction over the other two claims it faces. (*Id.*). Moreover, ILAW contends that the two other defendants should be deemed nominal (who need not consent to removal), or, alternatively, the claims against those defendants should be severed and remanded separately because the claims against ILAW and those defendants do not arise from the same transaction or occurrence and do not present common questions of law or fact. (*Id.*).

After removal, Plaintiffs filed a motion to remand arguing that the federal claims against ILAW revolve around and depend upon the state law claim for creating a public nuisance. (Docs. 8, 9). Further, Plaintiffs disagree that Cortez and Diserens are nominal defendants and urge that they have a chance of recovery against those defendants. (*Id.*).

---

[3] That case proceeded under the number 3:23-cv-03673-JPG.

Plaintiffs also criticize the request for severing this case, because "no motion for severance has been made and no showing that severance is likely has been made." (Doc. 8). In their motion, Plaintiffs assert that the claims in this case rely heavily on state law. (Docs. 8, 9). Moreover, Plaintiffs highlight that co-defendants Cortez and Diserens have not consented to a removal as required. (*Id.*). ILAW filed a response in opposition to Plaintiffs' motion to remand. (Doc. 13).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). A plaintiff may challenge removal through a motion to remand the case back to state court if the district court lacks subject matter jurisdiction or if there was a defect in the removal process. *See* 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625–26 (7th Cir. 2013).

## DISCUSSION

Plaintiffs argue, and ILAW acknowledges, that the co-defendants in this case have not provided consent to removal. Generally, all defendants must join in or consent to a removal petition to effect removal. *N. Ill. Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982). There are, however, a few recognized exceptions to this rule, including: (1) the non-consenting defendant was not properly joined or served at the time of removal;

(2) the non-consenting defendant is nominal; or (3) the removal is pursuant to 28 U.S.C. § 1441(c). *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *N. Ill. Gas Co.*, 676 F.2d at 272 ("Nominal parties…are disregarded for removal purposes and need not join in the petition."); *see also* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a [federal claim] has been asserted are required to join in or consent to the removal under [this provision].")

ILAW's Notice of Removal clearly states its rationale for why removal is proper despite lacking consent from its two co-defendants. First, ILAW argues that Cortez and Diserens are nominal defendants because there is no reasonable basis for predicting they will be held liable when all claims against them are time-barred or precluded by *res judicata*. (Doc. 1, ¶¶ 14-21). Second, and in the alternative, ILAW asserts that the claims against itself and the two co-defendants do not present common questions of fact or law. (*Id.* at ¶¶ 22-24). To elaborate, ILAW explains that Plaintiffs sue Cortez and Diserens for misrepresentation and fraud in a real estate transaction, while Plaintiffs sue ILAW for poor sewage maintenance and operation. (*Id.* at ¶ 24).

In their scant Motion to Remand, Plaintiffs state that, while ILAW argues there is no chance of recovery against Diserens and Cortez, "[t]his has not been determined at this point by any Court of law." (Doc. 8, ¶ 3). Moreover, they contend that the claims against Cortez and Diserens are not time-barred because of the prior voluntary dismissal and refiling. (*Id.* at ¶ 8). Plaintiffs also aver that all claims "arise out of the same core of operative facts, i.e., the repeated flooding at the home bought by Plaintiff[s]." (*Id.* at ¶ 5). In their similarly scarce brief in support of the motion to remand, Plaintiffs question whether the Court could have exercised jurisdiction over the original complaint rather than removal being defective for lack of consent.

Plaintiffs highlight that all three parties are residents of Illinois and almost every claim is based on state law. (Doc. 9). Interestingly, Plaintiffs conclude that this Court "could only exercise jurisdiction over one of [the] three Defendants" and "would have no jurisdiction over the claims against both [Cortez and Diserens]." (*Id.*). At the very least, Plaintiffs argue, the counts against Cortez and Diserens should be remanded, and, preferably, the public nuisance claim against ILAW should be remanded as well. (*Id.*).

Plaintiffs' arguments are as puzzling as they are self-defeating. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A suit most typically falls within [this] statutory grant 'when federal law creates the cause of action asserted.'" *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)); *see also E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958–59 (7th Cir. 2021) ("No matter the source, a federal cause of action raised on the face of a complaint satisfies § 1331.").

Here, the face of the complaint includes a federal claim against ILAW under the Clean Water Act, 33 U.S.C. § 1251, *et seq.* In Count VI, the complaint specifically references 33 U.S.C. § 1365,[4] a provision of the Clean Water Act permitting a private cause of action for citizens to enforce effluent standards and limitations in the Act or another relevant order. Clearly, federal law created this cause of action, and, thus, the Court has "arising under" or federal question jurisdiction over this claim. As to Plaintiffs' arguments related to residency of the parties, such

---

[4] Notably, this section specifically states "district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an effluent standard or limitation…and to apply any appropriate civil penalties[.]" 33 U.S.C. § 1365(a).

consideration is irrelevant to the Court's federal question jurisdiction. Notably, citizenship—not simply residency—matters when it comes to *diversity* jurisdiction under 28 U.S.C. § 1332, but diversity jurisdiction is not invoked in this action.

For the other claims rooted in state law, the Court would need to exercise supplemental jurisdiction. In civil actions where a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one of which the district courts have original jurisdiction." *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation marks omitted). Thus, the Court can exercise supplemental jurisdiction over the accompanying state law claims so long as those claims form part of the same case or controversy as the raised federal claim. The state law claims against ILAW for negligence in maintaining, repairing, and operating the sewer system in Granite City (Count IV) and public nuisance (Count V), clearly form part of the same case or controversy as that underlying the federal claim—namely ILAW caused fecal matter, waste, and other noxious substances to enter Plaintiffs' property due to mismanagement of the sewer system.

The natural next question is whether the Court can exercise supplemental jurisdiction over the state-law claims against Cortez and Diserens. This similarly hinges on whether these claims form part of the same case or controversy as the federal claim against ILAW. In their supporting brief to their motion to remand, Plaintiffs explicitly state, "the federal court would have no jurisdiction over the claims against both Santiago Cortez and Lisa Diserens." (Doc. 9). In their motion, they also assert, "[a]ll [claims] arise out of the same core of operative facts, i.e.,

the repeated flooding at the home bought by Plaintiff[s]." (Doc. 8, ¶ 5). This is where their arguments become self-defeating. If the claims against Cortez and Diserens form part of the same case or controversy as the claims against ILAW, then the Court would have supplemental jurisdiction over those claims. On the other hand, if, as Plaintiffs assert, the Court would have no jurisdiction over the claims against Cortez and Diserens, it must be because those claims do not form part of the same case or controversy as the claims over which the Court has original jurisdiction.

This discussion becomes very important for the potential defect in removal of this action. The Court outlined the three recognized exceptions for unanimous consent to removal above. ILAW admits that one exception does not apply here—Cortez and Diserens were served in the state court action before removal. The other two exceptions are for nominal defendants and for removal under § 1441(c), which involves actions with federal claims and other claims over which the court has no original or supplemental jurisdiction. Plaintiffs should have focused on the potential defect in removal this implicates—if the Court can exercise supplemental jurisdiction over all the state-law claims, then Cortez and Diserens, if they are not nominal defendants, needed to consent to removal. This is at the heart of the inquiry.

## I.     Nominal Defendants

The Court will first address ILAW's arguments that the two non-consenting Defendants are nominal. If this is true, an exception to the unanimity rule applies, and the action was properly removed despite the non-consent of the nominal parties. And because the Court already determined it has original jurisdiction over the federal claim and supplemental jurisdiction over the state law claims against ILAW, remand would be improper.

ILAW argues that their co-defendants should be considered nominal because the claims against them have either already been adjudicated or are known to be time-barred under the applicable statute of limitations. For example, ILAW explains that the singular claim brought against Diserens is for violation of a consumer fraud statute that has a three-year statute of limitations, and such claim is now time-barred. Due to the statute of limitations or previous adjudication of the claims, ILAW reasons that there is no reasonable basis for predicting its co-defendants will be held liable in this matter—thus satisfying the definition for a nominal party.

The Court disagrees. The definition of "nominal" on which ILAW relies must be evaluated with more context. "The consent [to removal] of so-called nominal or formal parties is not required." *Benson v. Unilever U.S., Inc.*, 884 F. Supp. 2d 708, 714 (S.D. Ill. 2012). "A defendant is nominal if: (1) the plaintiff does not seek relief from him; or (2) there is no reasonable basis for predicting that he will be held liable." *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024) (internal quotation marks and citations omitted). Nominal defendants have no interest in the subject matter litigated. *See S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). And, a nominal defendant's relation to the suit is merely incidental—it is of no moment to him which side in the controversy succeeds. *Id.*

To begin, another name for a nominal party is a *formal* party. In the classic scenario, a nominal defendant is a trustee, agent, or depository, who is joined purely as a means of facilitating collection. *See S.E.C. v. Cherif*, 933 F.2d at 414. Here, Plaintiffs clearly seek relief from Cortez and Diserens, and both of them certainly have an interest in the subject matter litigated. Despite ILAW's arguments, the Court declines to expand the definition of a nominal defendant to include a party who may be shielded from suit by an efficacious affirmative

defense. ILAW invokes two affirmative defenses (statute of limitations and *res judicata*) to classify its co-defendants as nominal, reasoning that there is no reasonable basis for predicting that they will be held liable given these defenses. But the Court is in no position to decide whether those affirmative defenses apply, and even if they do, Cortez and Diserens would still not be considered nominal or formal parties. They are clearly interested in the outcome of that determination, and the suit as a whole. The Court finds that neither Cortez nor Diserens are nominal parties to this action.

## II. Removal under 28 U.S.C. § 1441(c)

Only one exception to the unanimous consent rule remains—removal brought under 28 U.S.C. § 1441(c). If a civil action includes a claim arising under federal law, and a claim not within the original or supplemental jurisdiction of the district court, the entire action may be removed if the action would be removable without the inclusion of the claim over which the court has no jurisdiction. *See* 28 U.S.C. § 1441(c)(1). When such an action is removed, the district court shall sever from the action all claims over which it has no jurisdiction and remand those claims to the state court from which the action was removed. *Id.* at § 1441(c)(2). Only defendants against whom the federal claim has been asserted are required to join in or consent to the removal. *Id.*

For this exception to unanimous consent to apply, the Court must decide whether it would have supplemental jurisdiction over the claims against Cortez and Diserens. If it has supplemental jurisdiction over these claims, then Cortez and Diserens needed to consent to removal. If not, then removal without their consent was proper. Again, as previously discussed, the Court has federal question jurisdiction over the Clean Water Act claim against ILAW and supplemental jurisdiction over the other state law claims against ILAW.

As mentioned above, when original jurisdiction exists, a district court has supplemental jurisdiction over all other claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367. "Claims form part of the same case or controversy when they derive from a common nucleus of operative fact." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (internal quotation marks omitted). For example, "supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction." *Prolite Building Supply, LLC, v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). This standard, however, is not demanding and "a loose factual connection between the claims is generally sufficient." *McCoy*, 760 F.3d at 683.

Here, the Court's original jurisdiction derives from the federal Clean Water Act claim against ILAW. The accompanying state claims fall within the Court's jurisdiction if they are so related to this claim that they form part of the same case or controversy and derive from the same common nucleus of operative fact. The claims against Cortez are rooted in breach of contract, fraud, and failure to comply with his duty to make complete and truthful statements regarding the condition of the property, including the disclosure of any known defects like damage to the foundation and propensity of flooding. Moreover, Plaintiffs accuse Cortez of providing false receipts representing that their agreed-upon repairs were completed. As to Diserens, Plaintiffs allege that her conduct violated Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Plaintiffs claim that they relied on misrepresentations by Diserens about the condition of the property before entering into a contract to buy the house from Cortez. And to briefly repeat, the claims against ILAW stem from failing to properly operate the sewer system, which causes water and other offensive matter (like fecal matter) to

enter Plaintiffs' property. Under state law, Plaintiffs specifically claim that ILAW acted negligently in operating the sewer system and created a public nuisance.

In their motion to remand, Plaintiffs simply assert that all of these claims arise out of the same core of operative facts, namely the repeated flooding at the home bought by Plaintiffs. On the other hand, ILAW argues the claims against Cortez, the prior homeowner, and Diserens, a real estate agent, revolve around the sale of the residence to Plaintiffs on or around November 5, 2020, whereas the claims against ILAW center on a failure to operate and maintain the sewer system serving the part of Granite City where the residence is located.

At first glance, the claims appear to be connected by the flooding at the property. But, there is nuance here. Digging deeper, the Court agrees with ILAW—the claims do not share a common nucleus of operative fact, even with the relatively loose standard for factual connection. The claims against ILAW arise from flooding *after* Plaintiffs purchased their property. Evidently, this flooding not only caused damage but prompted noxious and foul material to enter their property. The claims against Cortez and Diserens, however, rest on what happened *before* Plaintiffs purchased their property. For instance, whether Cortez and Diserens knew the property had a propensity to flood and whether they concealed that fact. In addition, the facts underlying Plaintiffs' claims against Cortez and Diserens relate to whether the promised work on the home was completed *before* Plaintiffs took ownership. They could likely pursue these claims against Cortez and Diserens even if the property had not flooded after they moved in, because these claims rely on the misrepresentations and terms of their homebuying contract, not the flooding itself. Perhaps the flooding clued Plaintiffs into the fact that the promised improvements were not actually completed, but that is not the factual crux of their claims against Cortez and Diserens. Conversely, the flooding at the property forms nearly the

entire factual basis for the claims against ILAW.

The Court finds that the claims against Cortez and Diserens are not so related to claims against ILAW (over which the Court has original jurisdiction) that they form part of the same case or controversy. Consequently, the Court cannot exercise supplemental jurisdiction over those claims. Under 28 U.S.C. § 1441(c), ILAW properly removed this action, and consent to removal from Cortez and Diserens was not required. Pursuant to § 1441(c)(2), the Court must sever the state law claims against Cortez and Diserens to the court from which this action was removed—the Circuit Court in Madison County, Illinois.

## CONCLUSION

For the reasons stated above, the Court finds that this action was properly removed under 28 U.S.C. § 1441(c), and consent from all defendants was unnecessary. As such, the Motion to Remand (Doc. 8) is **DENIED.** The claims against Defendant Illinois American Water Company shall remain before this Court. But the Court **SEVERS** and **REMANDS** the claims against Defendants Santiago Cortez and Lisa Diserens to the Third Judicial Circuit Court in Madison County, Illinois, pursuant to 28 U.S.C. § 1441(c)(2). Plaintiffs Tracy Brooks and Sean Thomas shall file an amended complaint reflecting only their claims against remaining Defendant ILAW on or before **April 15, 2025**. ILAW shall have **14 days** after service of the amended complaint to file an answer or otherwise respond.

**IT IS SO ORDERED.**

DATED:   March 25, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**