IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY BROOKS
and SEAN THOMAS,

               Plaintiffs,

v.

ILLINOIS AMERICAN WATER
COMPANY,

               Defendant.

Case No. 3:24-CV-01848-NJR

## ORDER OF REMAND

**ROSENSTENGEL, Chief Judge:**

Plaintiffs Tracy Brooks and Sean Thomas ("Plaintiffs") filed an Amended Complaint in May 2025. The Amended Complaint contains two state law claims for negligence (Count I) and public nuisance (Count III), and one federal claim under the Clean Water Act (Count II). The Court's subject matter jurisdiction over this action stems from the federal Clean Water Act claim, paired with supplemental jurisdiction over the two state law claims.

On May 22, 2025, Defendant Illinois American Water Company ("ILAW") filed a Motion to Dismiss the Amended Complaint, after receiving a brief extension of time from the Court to respond to the amended pleading. (Docs. 31, 37). Plaintiffs failed to respond to the Motion to Dismiss by the deadline, so the Court ordered Plaintiffs to show cause as to why the Court should not consider ILAW's motion uncontested. (Doc. 38). Plaintiffs responded to the Order to Show Cause, and ILAW replied to the response. (Docs. 39, 42).

In their show cause response, Plaintiffs indicate that counsel experienced a family emergency which caused the delay in filing a response to ILAW's motion. (Doc. 39). Plaintiffs also explain that, after review of ILAW's arguments, they realized that ILAW's Motion to Dismiss was likely meritorious as to their claim under the Clean Water Act. (*Id.*). They wish to voluntarily dismiss this federal claim under 41(a)(2). (*Id.*). Once this federal claim is dismissed, Plaintiffs argue that the case should be remanded to state court, and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (*Id.*).

On the contrary, ILAW argues that Plaintiffs' show cause response should be stricken, as it is really a motion for voluntary dismissal that fails to satisfy the Court's directive to show cause. (Doc. 42). Additionally, ILAW urges the Court to consider the motion for voluntary dismissal untimely because Plaintiffs had an opportunity to seek amendment of their complaint prior to causing ILAW time and expense to prepare a substantive pleading. (*Id.*). ILAW again highlights the long history between the parties riddled with gamesmanship and spanning years without proceeding past the pleading stage. (*Id.*). ILAW laments that Plaintiffs have caused ample and unnecessary costs in litigating this action. (*Id.*). For example, ILAW states that the pending Motion to Dismiss represents its third such motion in federal court and its seventh or eighth motion to dismiss overall. (*Id.*).

Federal Rule of Civil Procedure 41(a) governs the dismissal of actions and allows for voluntary dismissals only under certain circumstances. The rule is limited to dismissals of "actions," not "parties" or "claims," meaning that the rule cannot be used

to cleave away one claim or one party from a larger case. *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015). The Seventh Circuit is clear that to dismiss one claim or one party from an action that will otherwise continue, a plaintiff must instead file an amended complaint. While the Court acknowledges the plain reading of Rule 41, it finds that in this limited instance, given the procedural posture of this case, judicial economy counsels in favor of allowing voluntary dismissal of Plaintiffs' Clean Water Act claim.[1] While sympathetic to ILAW's reports of vexatious litigation tactics, the Court will not force Plaintiffs to pursue a federal claim they concede is not viable.

Without this federal claim, only two state law claims remain. Lacking federal question jurisdiction, the Court would need to exercise its supplemental jurisdiction to keep the action in federal court. A district court "may decline to exercise supplemental jurisdiction over a claim…if [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court declines to exercise supplemental jurisdiction here. Generally, there is a presumption that jurisdiction is relinquished upon dismissal of all claims over which a court had federal subject-matter jurisdiction. *RWJ Mgmt. Co., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012); *Mogan v. City of Chicago*, 115 F.4th 841, 849 (7th Cir. 2024) ("The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claim, given its dismissal of the federal claims.").

In limited circumstances, the presumption does not hold. *Williams Elecs. Games,*

---

[1] The Court could, as the Seventh Circuit instructs, offer Plaintiffs an opportunity to amend their complaint under Rule 15 to drop the Clean Water Act claim. But doing so would just add another step and waiting period before the Court's source of original jurisdiction—the federal claim—is inevitably removed.

*Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). Those circumstances include "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). None are present here—the statute of limitations to refile in state court is not implicated, substantial judicial resources have not been expended on the state court claims as this case is still in its early phases (despite the longstanding history between the parties), and, on the present record, the resolution of the state law claims is not clearly apparent. Thus, the Court relinquishes jurisdiction over the remaining state law claims.

A district court may dismiss an action under Rule 41 "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Considering the litigation history between the parties, and because Plaintiffs agree with ILAW's Motion to Dismiss as to the Clean Water Act claim conceding that it is not viable and should be dismissed, the Court dismisses the federal claim *with* prejudice. "When a plaintiff moves for dismissal without prejudice, the district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw the motion." *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998); *see also Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). But Plaintiffs' motion does not specify whether they seek dismissal with or without prejudice. And because Plaintiffs concede that its Clean Water Act claim is not viable, the Court construes the motion as proposing dismissal with prejudice. The remaining claims are remanded back to state court.

As such, Plaintiffs' Motion to Voluntarily Dismiss Count II (*See* Doc. 39) is

**GRANTED,** and their Clean Water Act claim is **DISMISSED with prejudice**. In addition, ILAW's Motion to Dismiss the Amended Complaint (Doc. 37) is **DENIED as moot.** The Court **REMANDS** this action and the remaining state law claims against ILAW to the Third Judicial Circuit Court in Madison County, Illinois.

      **IT IS SO ORDERED.**

      **DATED:   July 31, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**